IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **MICHAEL AARON MEARES,** § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | NO. 4:25-CV-178-O |
| § | |
| **DIRECTOR, TDCJ-ID,** § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the petition of Michael Aaron Meares for writ of habeas corpus 28 U.S.C. § 2254. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition must be **DISMISSED** as untimely.

### I.    BACKGROUND

On April 13, 2018, Petitioner was convicted of forgery under Case No. 1498421D in the 297th District Court, Tarrant County, Texas, and sentenced to a term of imprisonment of twelve years. ECF No. 14-36 at 6. He appealed and his conviction was affirmed. *Meares v. State*, No. 02-18-00169-CR, 2019 WL 1575580 (Tex. App.—Fort Worth Apr. 11, 2018, pet. ref'd). On August 21, 2019, the Texas Court of Criminal Appeals ("CCA") refused his petition for discretionary review. *Id.*; ECF No. 14-27.

On July 15, 2023, Petitioner filed his state application for writ of habeas corpus. ECF No. 14-36 at 28 (signature page). On May 15, 2024, the CCA denied the application without written order on the findings of the trial court and on the Court's independent review of the record. ECF No. 14-35. On February 17, 2025, Petitioner filed his federal habeas petition. ECF No. 3 at 19[1]

---

[1] The page number references to the petition are to "Page __ of 24" reflected at the top right portion of the document

(signature page).

## II. LIMITATIONS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the

---

on the Court's electronic filing system.

statute of limitations would be inequitable. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006); *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro*, 294 F.3d at 682. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629. Ineffective assistance is irrelevant to the determination of a right to equitable tolling because a prisoner has no right to counsel during post-conviction proceedings. *Petty*, 530 F.3d at 366. Transfers and delays in receiving paperwork are parts of prison life and are not rare and extraordinary. *Wallace v. United States*, 981 F. Supp. 2d 1160, 1165 (N.D. Ala. 2013); *United States v. Cockerham*, No. SA-12-CA-714-WRF, 2012 WL 12867870, at *2 (W.D. Tex. Aug. 27, 2012). Equitable tolling applies to limitations of prison library access only when those limitations actually prevented the movant from timely filing his motion. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011).

### III.    ANALYSIS

Petitioner's judgment became final on November 19, 2019, when the time for filing a petition for writ of certiorari expired. *Jimenez v. Quarterman*, 555 U.S. 113, 119–20 (2009). There can be no argument that a later date should apply, since all of his grounds were known to Petitioner by the conclusion of trial at the latest. His state habeas application, filed July 15, 2023, more than one year after his judgment became final, did not extend the time for filing a federal habeas application. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013); *Scott*, 227 F.3d at 263.

Petitioner did not address the timeliness of his petition in the section of the form requiring that he do so. ECF No. 3 at 18. In his reply, he admits that the petition is untimely and seeks an extension based on his ignorance of the law. ECF No. 18 at 1. Neither his ignorance nor his inquiries to the state courts after the time had expired entitle him to relief.

### V.    CONCLUSION

For the reasons discussed herein, the petition is **DISMISSED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

SO ORDERED this **19th day** of **May, 2025**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE